## TEXAS RECIPROCAL INS. ASS'N v. SMITH.

No. 12900.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 14, 1933.

Rehearing Denied Jan. 20, 1934.

296

■■■■■■

Weatherby & Rogers and Tom P. Scott, all of Waco, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

LATTIMORE, Justice.

This is a Workmen's Compensation Act suit, appellee claiming specific injuries to his eye while working as an employee on a producing oil lease.

He had worked at irregular intervals for the lessor during some three months at $2 a day. He contended that he was employed as a roustabout, a type of work calling for training and experience, the average wage for which employment was set by the jury at $4.28 a day, in response to the special issue inquiring the average weekly wage of "roustabout" labor. To this issue appellant excepted because it assumed that appellee was employed by appellant as a "roustabout." There was ample evidence to support such finding. However, the assistant secretary-treasurer of his employer corporation testified: "He was just an extra man. A common laborer. We paid him the same we paid other men for similar work. He did general repair work on the lease. He might be called a roustabout but still he wasn't a roustabout in a way because we would just use him whenever we would have work on the leases." On cross-examination: "This man can be called a common laborer. I guess you might call the work he was doing ordinarily classified as roustabout work. I guess I carried him in the classification ordinarily classified as roustabout work."

This witness was within the class "interested." He was, however, of no higher grade than an employee, and his testimony on both sides of this issue was for the jury to determine its weight. The court could not, because of that conflict, reject a part and accept a part unless the record shows that the witness retracts that rejected part or that same is manifested by the other testimony of the witness to be conclusively untrue. Such is not the record here. The charge assumed as true a fact which the jury alone could decide.

The appellant introduced in evidence a petition in another suit by appellee for workmen's compensation some two years before. The injuries claimed did not involve similar injuries to those sued on here. The publication of that declaration by appellant was thus proven in which appellee claimed a withered arm and total incapacity.

If on another trial the evidence should develop that one so injured could do on a producing lease work of less compensative value than that of a roustabout and that such injuries interfered materially with doing roustabout work and an issue develop as to whether appellee's duties were those of a roustabout, then cross-examination should be permitted to determine the course of such former injuries as bears on the doing of roustabout labor. This is one of the circumstances surrounding the employment of appellee by the insured as shedding light on the disputed issue of what was such employment.

The judgment of the trial court is reversed and the cause remanded.